UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                            Case No. 09-10650
                                              Honorable Patrick J. Duggan

RICKEY VALENTINE,

      Defendant.
_____/

## OPINION AND ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on May 27, 2009.

PRESENT:    THE HONORABLE PATRICK J. DUGGAN
                       U.S. DISTRICT COURT JUDGE

      Plaintiff, the United States of America, filed this action against Defendant to enforce a promissory note that Defendant signed on July 1, 1986, in order to receive a student loan. Presently before the Court is Plaintiff's motion for summary judgment pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, filed April 4, 2009. On April 6, 2009, this Court sent a notice to the parties, indicating that the motion for summary judgment had been filed and reminding them of the provisions of Eastern District of Michigan Local Rule 7.1, specifically subsection (d) which provides that "[a] response to a dispositive motion must be filed within 21 days after service of the motion." Nevertheless, Defendant has not responded to the motion. On May 7, 2009, this Court

informed the parties that it is dispensing with oral argument with respect to Plaintiff's motion pursuant to Local Rule 7.1(e)(2). For the reasons that follow, the Court grants Plaintiff's motion.

## Standard for Summary Judgment

Pursuant to Rule 56(c), "summary judgment is proper 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552 (1986) (quoting Fed. R. Civ. P. 56(c)). "Rule 56(c) mandates summary judgment . . . against a party who fails to make a sufficient showing to establish the existence of an element essential to that party's case, and on which that party bears the burden of proof at trial." *Id*.

## Factual and Procedural Background

On July 1, 1986, Defendant executed a promissory note to obtain a student loan from the Empire of America, Federal Savings Bank in the amount of $2,500 at 8.0% interest per annum. (Pl.'s Mot. Exs. A & B.) The loan obligation was guaranteed by the Michigan Higher Education Assistance Authority and then reinsured by the United States Department of Education under loan guaranty programs authorized under Title IV-B of the Higher Education Act of 1965, as amended, 20 U.S.C. § 1071 et seq. (*Id*. Ex. A.)

Defendant defaulted on the obligation on August 1, 1986, and the holder filed a claim on the guarantee. (*Id*.) The guaranty agency then paid the holder the amount owed

on the loan, then totaling $2,516.44.  (*Id.*)  The Department of Education then reimbursed the guarantor for that claim payment pursuant to its reinsurance agreement.  (*Id.*)  The guarantor attempted to collect the debt from Defendant.  (*Id.*) Unable to collect, the guarantor assigned its right and title to the loan to the Department of Education on June 4, 1998.  (*Id.*) Since the assignment date, the Department of Education has been unable to recover any payment on the loan.  (*Id.* Ex. A.)

On February 21, 2009, Plaintiff initiated this lawsuit in order to collect the amount due on the promissory note.  Defendant filed an Answer to the Complaint on March 11, 2009, indicating *inter alia* that he has been attempting to find information to pay back the loan since 2001 and that, based on his current income, he can pay $30.00 a month.  In the present motion for summary judgment, Plaintiff requests an award of $2,702.31 plus pre-judgment interest from the date of the filing of the complaint, $350.00 in court costs, and post judgment interest pursuant to 28 U.S.C. § 1961.

**III.**    **Applicable Law and Analysis**

In order to prevail in this action, Plaintiff must show the following: (1) Defendant signed the promissory note; (2) Plaintiff is the present owner or holder of the note; and (3) the note is in default.  *United States v. Lawrence*, 276 F.3d 193, 197 (5th Cir. 2001). Plaintiff has satisfied its burden in this case.  To survive summary judgment, therefore, Defendant must come forward with some evidence of a genuine issue for trial.  *Id.* Defendant has not met his burden as he failed to respond to the motion and acknowledged the validity of the debt in his answer to the complaint.

Accordingly,

**IT IS ORDERED**, that Plaintiff's Motion for Summary Judgment is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff shall submit a proposed Judgment specifically indicating the applicable amount or rate of pre-judgment interest.[1]

                                                  s/PATRICK J. DUGGAN
                                                  UNITED STATES DISTRICT JUDGE

Copies to:
Pamela S. Ritter, Esq.

Rickey Valentine
4238 Apple Valley Lane
West Bloomfield, MI 48323

---

[1] Plaintiff submitted a proposed Order for Summary Judgment with its motion awarding Plaintiff "$2,702.31, plus pre-judgment interest from the date of the filing of the Complaint and $350.00 in court costs, and post judgment interest pursuant to 28 U.S.C. 1961 . . . ." The Court requests that Plaintiff submit a revised judgment indicating some measure of the pre-judgment interest.